538

615 A.2d 769

**COMMONWEALTH of Pennsylvania**

v.

**Paul L. COLLINGTON, a/k/a Fred Collington, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 1992.

Filed Nov. 5, 1992.

James R. Wilson, Asst. Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge.

Paul L. Collington was tried non-jury and was found guilty of making terroristic threats and intimidating a witness.[1]  On direct appeal from the judgment of sentence thereafter imposed, Collington contends only that the evidence was insufficient to sustain the conviction for intimidating a witness.

Collington had been arrested and was scheduled for trial on charges that he had raped his former fiancee, Carline Green. By letter dated March 11, 1990, postmarked March 12, 1990, and originating from the Allegheny County Prison, Collington wrote to Green.  In that letter Collington complained that he had been "set up," promised that revenge would be taken for an unexplained incident occurring on July 31, 1987, and threatened that contracts had been placed on the lives of Green and her family.  The letter did not refer specifically to Collington's trial for rape.  The letter arrived at Green's residence and was hand-delivered to her at the courthouse on March 14, 1990, after she had testified as a Commonwealth witness in the rape trial and at a time when the defense was being presented.  Green recognized Collington's handwriting on the envelope and delivered it, unopened, to a victim center's advocate, who referred it to an attorney for the Commonwealth.

The Crimes Code, at 18 Pa.C.S. § 4952, provides in pertinent part as follows:

1.  Collington was found not guilty of retaliation.

## § 4952. Intimidation of witnesses or victims

**(a) Offense defined.**—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

. . . .

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

From this it is apparent that actual intimidation of a witness is not an essential element of the crime. The crime is committed if one, with the necessary mens rea, "*attempts*" to intimidate a witness or victim. Thus, it was not essential to a conviction that Green actually receive the threatening letter before she testified. The letter was written and mailed on the eve of appellant's trial and before his accuser had given testimony. The trier of the facts, therefore, could find that appellant attempted to intimidate his accuser and that he did so intending or, at least, having knowledge that his conduct was likely to, impede, impair or interfere with the administration of criminal justice.

The fact that the letter did not refer specifically to the rape trial or Green's testimony therein is also not fatal to the Commonwealth's case. The contents and timing of the letter, together with the circumstances surrounding the same, were sufficient, if believed, to permit an inference that it had been written and sent for the purpose of intimidating the witness whose testimony was crucial to establish the charge of rape against appellant in the impending trial. The Commonwealth is not required to prove mens rea by direct evidence. Frequently such evidence is not available. In such cases, the Commonwealth may rely on circumstantial evidence.

When the direct and circumstantial evidence is viewed in a light most favorable to the Commonwealth, as we are required to view it, see *Commonwealth v. Heidnik*, 526 Pa. 458, 463, 587 A.2d 687, 689 (1991), it is patently clear that such evidence was sufficient to support the trial court's finding that appellant

had attempted to intimidate Ms. Green in order to interfere with the prosecution of the criminal charges against him.

Judgment of sentence affirmed.