J-S04020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEF AVERGUN | |
| Appellant | No. 1484 EDA 2016 |

Appeal from the Judgment of Sentence November 16, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010957-2011

BEFORE: SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.: **FILED APRIL 19, 2017**

Josef Avergun appeals from the judgment of sentence imposed on November 16, 2012, the Court of Common Pleas of Philadelphia County, following his conviction by the trial judge on charges of aggravated assault, simple assault and recklessly endangering another person.[1] Avergun was sentenced to three to six years' incarceration.[2] Avergun's appellate rights were reinstated pursuant to a PCRA petition he filed after trial counsel had failed to file a timely appeal. In this appeal, Avergun raises three issues. They are: (1) the evidence was insufficient to support the aggravated

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(3), 2701(a) and 2705, respectively.

[2] Specifically, three to six years' incarceration was imposed for aggravated assault. The other crimes merged with the aggravated assault charge.

assault charge as the Commonwealth failed to prove *mens rea* or that the victim was an employee or officer of the county jail; (2) the sentence is manifestly unreasonable; and (3) the trial court erred in not reinstating his right to file an amended post-sentence motion, thereby allowing him to challenge the discretionary aspects of his sentence. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The facts underlying Avergun's conviction are simply related.[3] The victim of this attack, Phyllis Taylor, received a stipend as a chaplain serving the Jewish community of the Philadelphia prison system. Between October, 2010 and July, 2011, Chaplain Taylor spent approximately 30 hours doing one-on-one ministry with Avergun. On July 12, 2011, Chaplain Taylor visited Avergun at the Philadelphia Industrial Correction Center. Avergun's cellblock was on lock down at the time. Chaplain Taylor was escorted to Avergun's cell by Correction Officer Amir Khan. CO Kahn opened Avergun's cell door and stood approximately two feet behind Chaplain Taylor. Kahn witnessed Avergun hit Chaplain Taylor with a straight jab to her face. The punch knocked her back against the wall, broke her nose, and damaged her teeth and mouth. She testified she had no recollection of being hit; only

---

[3] Unless otherwise noted by specific citation, these facts are taken from the trial court's Pa.R.A.P. 1925(a) opinion, dated 6/13/2016. Our independent review has confirmed these facts are supported by the certified record.

finding herself against the wall, saying, "I can't breathe. Give me a minute."[4] Chaplain Taylor was taken to Jeanes Hospital for treatment. She could not eat regular food for several weeks and suffered pain for more than one month. At the time of the assault, Chaplain Taylor was almost 70 years old, was five feet, four inches tall and weighed one hundred fifteen pounds.

Avergun testified on his own behalf. He claimed he did not hit Chaplain Taylor. He supposed she had a pre-existing medical condition and limited funds for medical care. He further speculated that Chaplain Taylor was claiming she was injured on the job to obtain medical benefits, perhaps through a civil lawsuit. See, N.T. Trial, 8/9/2012, at 72-77.[5]

The standard of review for a challenge to the sufficiency of the evidence is well settled and oft repeated.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt. The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

---

[4] Although Chaplain Taylor did not specifically remember Avergun punching her, she testified that, given the circumstances, she deduced that is what happened. *See* N.T. Trial, 8/9/2012, at 46-47.

[5] All notes of trial are from 8/9/2012.

*Commonwealth v. Kennedy*, 151 A.3d 1117, 1121 (Pa. Super. 2016) (citations omitted).

Avergun was convicted of violating 18 Pa.C.S. § 2701(a)(3), which states in relevant part:

> (a) Offense defined.**--**A person is guilty of aggravated assault if he:
>
>> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>>
>> …
>
> (c) Officers, employees, etc., enumerated.**--**The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:
>
>> 9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S. § 2702(a)(3), (c)(9).

In the first aspect of his appeal, Avergun claims the Commonwealth failed to prove that Chaplain Taylor was an employee of the county jail/correctional institution. This argument is unavailing.

Chaplain Taylor testified she received a stipend to minister to the Jewish community housed in the Philadelphia Prison system and had been so employed for eleven years. Specifically:

> Chaplain Taylor: I am a stipended chaplain in the Philadelphia prison system. I am what's called a system-wide chaplain, which means I cover all of the jails and I am the chaplain for the Jewish community for those who are ill, those [who] are acutely

- 4 -

> grieving because I'm also a registered nurse and hospice in palliative care.

N.T. Trial, 8/9/2012, at 16.

> Chaplain Taylor: I am a lay person, but appointed. I have letters of appointment authorizing me to be present as the Jewish representative in the prisons.

*Id*. at 17.

> Chaplain Taylor: Let me explain a little bit about chaplaincy because I think it's helpful. When I said it was a stipended job, it's really I call it a love job. It is a position that I'm called to. The pay for that is minimum wage, no benefits whatsoever, no vacation, no health care, no anything at all.

*Id*. at 19.

Additionally, as noted above, as part of his defense, Avergun himself conceded Chaplain Taylor was employed to work in the prison system, claiming she was attempting to use her employment as a method of obtaining medical coverage.

While the Commonwealth did not present any paystubs from the prison system or income tax forms, Chaplain Taylor's testimony, accepted by the trial court as fact finder, regarding her paid duties within the prison system was sufficient to prove her status as an employee of a correctional institution/county jail pursuant to 18 Pa.C.S. § 2702 (c)(9). Accordingly, Avergun is not entitled to relief on this aspect of his claim.

Next, Avergun argues the Commonwealth failed to prove he intentionally or knowingly caused bodily injury to Chaplain Taylor. Specifically, Avergun argues:

> In this case the Commonwealth also failed to prove beyond a reasonable doubt that the defendant intended to cause bodily injury because there was no reason for the defendant to want to strike the complainant and the defendant testified that he did not strike the complainant. It is just as reasonable to assume based on the evidence that the contact between the defendant and the complainant was accidental.

Appellant's Brief at 9.

This argument is unconvincing. The Commonwealth need not prove why a defendant wants to harm a person to prove the harm was intentional. "The Commonwealth is not required to prove mens rea by direct evidence. Frequently such evidence is not available. In such cases, the Commonwealth may rely on circumstantial evidence." **Commonwealth v. Collington**, 615 A.2d 769, 770 (Pa. Super. 1992).

Avergun is correct that no direct evidence of animosity toward Chaplain Taylor was presented at trial. However, none was required. Rather, the evidence presented at trial proved that Avergun punched the chaplain in the face, with a straight jab, that carried sufficient force to break her nose and damage her mouth. The punch knocked the chaplain back into a wall and hit her with such force that she had no direct memory of having been punched. The trial court accepted this evidence as circumstantial proof that Avergun had intentionally or knowingly harmed the chaplain. We find no error of law in this determination.

We will address Avergun's last two issues together. Avergun claims the trial court erred in not reinstating his right to file a motion to reconsider sentence thereby allowing him the opportunity to challenge the discretionary

aspects of his sentence. Avergun also challenges the discretionary aspects of his sentence.

After sentence was imposed, Avergun filed a post-sentence motion challenging the weight and sufficiency of the evidence as well as raising several complaints of ineffective assistance of counsel. This motion was denied. However, Avergun's then-counsel failed to perfect his appeal. This led Avergun to file a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. The result of that petition was an agreement between the Commonwealth and Avergun reinstating his appellate rights. *See* Docket Entry, 5/5/2016. The specifics of this agreement are not found in the certified record. The docket entry merely notes that BY AGREEMENT (our emphasis) Avergun's appellate rights were reinstated. There is no mention that the agreement encompassed the right to file an additional post-sentence motion. Because the agreement between Avergun and the Commonwealth did not specifically permit Avergun to file another post-sentence motion, we cannot fault the trial court for failing to grant Avergun that privilege.

Because Avergun did not preserve any objection to his sentence in the court below, he has waived that claim. We note:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016).

Accordingly, Avergun is not entitled to relief on his challenges to his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017