J-S53027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEPHANIE PEZZETTI-FUNK, | |
| Appellee | No. 3369 EDA 2016 |

Appeal from the Order Entered October 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0021627-2016

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 01, 2017**

The Commonwealth of Pennsylvania appeals from the order entered on October 5, 2016, denying the Commonwealth's motion to refile charges against Appellee, Stephanie Pezzetti-Funk.  Upon careful consideration, we reverse.

The factual background and procedural history of this case are as follows.  On June 27, 2016, Appellee and her sister were scheduled for court on an underlying simple assault matter.  Gina Fuscellaro ("Fuscellaro") was scheduled to testify against Appellee and her sister.  Fuscellaro was in the hallway outside of the courtroom when Appellee approached her.  Appellee showed Fuscellaro a clenched fist and told her she "better drop the charges." N.T., 8/15/16, at 9.  Fuscellaro left the courthouse and reported the incident at a police station.

J-S53027-17

Appellee was charged via criminal complaint with intimidation of a witness,[1] conspiracy,[2] and making terroristic threats.[3] At the conclusion of a preliminary hearing on August 15, 2016, all charges against Appellee were dismissed as the municipal court found that the Commonwealth failed to establish a *prima facie* case with respect to all three charges. The Commonwealth sought permission from the trial court to refile the charges. On October 5, 2016, the trial court denied the Commonwealth's motion to refile the charges. This timely appeal followed.[4]

The Commonwealth presents one issue for our review:

> Did the [trial] court err in denying the refiling of the charges against [Appellee] on the basis of insufficient evidence for a *prima facie* case, where the Commonwealth established that [Appellee] threatened the victim in an effort to prevent the victim from testifying against her?

Commonwealth's Brief at 4.

In its sole issue, the Commonwealth argues that it presented sufficient evidence to establish a *prima facie* case of witness intimidation. "At the

---

[1] 18 Pa.C.S.A. § 4952(a).

[2] 18 Pa.C.S.A. § 903(c).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] The trial court did not order the Commonwealth to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Nonetheless, the Commonwealth filed a concise statement on October 25, 2016. On December 23, 2016, the trial court issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

- 2 -

preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt." ***Commonwealth v. Karetny***, 880 A.2d 505, 529 (Pa. 2005). "A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." ***Commonwealth v. Huggins***, 836 A.2d 862, 866 (Pa. 2003) (citation omitted). "[T]he evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." ***Karetny***, 880 A.2d at 513 (citation omitted).

> An individual commits witness intimidation
>
> if, with the intent to or with the knowledge that [her] conduct will obstruct, impede, impair, prevent[,] or interfere with the administration of criminal justice, [s]he intimidates or attempts to intimidate any witness or victim to[ . . . w]ithhold any testimony, information, document[,] or thing relating to the commission of a crime from any law enforcement officer, prosecuting official[,] or judge.

18 Pa.C.S.A. § 4952(a)(3). "[A]ctual intimidation of a witness is not an essential element of the crime." ***Commonwealth v. Collington***, 615 A.2d 769, 770 (Pa. Super. 1992), *appeal denied*, 625 A.2d 1191 (Pa. 1993). Instead, "[t]he crime is committed if one, with the necessary *mens rea*, 'attempts' to intimidate a witness or victim." ***Id.*** "The trier of the facts,

therefore, could find [Appellee] attempted to intimidate [her] accuser and that [she] did so intending or, at least, having knowledge that [her] conduct was likely to, impede, impair, or interfere with the administration of criminal justice." *Id.*

In this case, Fuscellaro testified at the preliminary hearing that Appellee and her sister attempted to run Fuscellaro over with a car. N.T., 8/15/2016, at 8. Fuscellaro was planning on testifying against Appellee on that matter. On the day they were scheduled for court, Appellee and her sister approached Fuscellaro in the hallway outside of the courtroom. Appellee raised a clenched fist to Fuscellaro's face and threatened "you better drop the charges." *Id.* at 9. Fuscellaro testified that she felt scared and intimidated. *Id.* at 10. This was sufficient evidence to provide probable cause that Appellee intimidated Fuscellaro to withhold testimony against Appellee. *Cf. Huggins*, 836 A.2d at 866 (Commonwealth need only provide sufficient evidence to show that there is probable cause that a defendant committed an offense in order to meet its burden at a preliminary hearing.). Moreover, even if Fuscellaro were not intimidated, the reasonable inference from her testimony and the surrounding circumstances was that Appellee intended to intimidate Fuscellaro.

The municipal court and the trial court mistakenly made credibility determinations when determining if the Commonwealth established a *prima facie* case of witness intimidation. It is well-settled that such credibility

determinations cannot be made when deciding if the Commonwealth established a *prima facie* case. **See Commonwealth v. Mitchell**, 152 A.3d 355, 359 n.1 (Pa. Super. 2016), *appeal denied*, 2017 WL 2362575 (Pa. May 31, 2017) (collecting cases).

In its Rule 1925(a) opinion, the trial court mistakenly stated that only "threats of violence, shooting, kidnapping, inflicting serious bodily injury, and killing the victim or witness," violate section 4952. Trial Court Opinion, 12/23/2016, at 6. The threat of extreme violence is not necessary to prove witness intimidation. "[I]ntimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question." **Commonwealth v. Doughty**, 126 A.3d 951, 957 (Pa. 2015). Even an offer of a pecuniary benefit may constitute witness intimidation. **See id.** As our Supreme Court emphasized, it is for the fact-finder to weigh the totality of the circumstances. **See id.** In other words, it is not a task for the municipal court at a preliminary hearing. In this case, the Commonwealth provided sufficient evidence to establish a *prima facie* case that Appellee intimidated (or at a minimum attempted to intimidate) Fuscellaro by threatening physical violence. Accordingly, the Commonwealth established a *prima facie* case that Appellee violated section 4952(a)(3) and

the trial court erred by denying the Commonwealth's motion to refile that charge.[5]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2017

_____

[5] Although the docket states Appellee was charged with violating 18 Pa.C.S.A. § 4952(a)(1), the criminal complaint charged Appellee generally under section 4952(a). **See** Criminal Complaint, 7/26/2016, at 1. Therefore, the foregoing analysis examines whether Appellee violated any portion of section 4952, specifically section 4952(a)(3). **Cf. Commonwealth v. Berry**, 2017 WL 2927441, *3 (Pa. Super. July 10, 2017) (the charging document, not the docket, controls what statute a defendant is charged with violating).