J-A29008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA PEZZETTI-FUNK | : | No. 3368 EDA 2016 |

Appeal from the Order Entered October 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0021612-2016

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 02, 2018**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Philadelphia County, affirming the dismissal of witness intimidation[1] charges against Dana Pezzetti-Funk and denying its request to refile the charges.  After careful review, we reverse and remand for further proceedings.

On June 25, 2016, Gina Fuscellaro was walking near the area of 2009 South Broad Street, Philadelphia, when she encountered Dana Pezzetti-Funk. Fuscellaro's current boyfriend is the father of Pezzetti-Funk's minor child, and Fuscellaro previously complained to police that Pezzetti-Funk had assaulted her.  The Commonwealth subsequently filed a simple-assault[2] charge against

---

[1] 18 Pa.C.S.A. § 4952.

[2] 18 Pa.C.S.A. § 2701.

---

*   Retired Senior Judge assigned to the Superior Court.

Pezzetti-Funk. Pezzetti-Funk's trial for the assault charge was scheduled for June 27, 2016. Fuscellaro was set to testify against Pezzetti-Funk at her trial, and when she encountered Pezzetti-Funk near 2009 South Broad Street, Pezzetti-Funk allegedly said, "Hello bitch. Are you going to court on Monday? I hope that you don't go to court on Monday." N.T. Preliminary Hearing, 8/15/16, at 6. Following Pezzetti-Funk's comments, the two women parted ways.

On June 27, 2016, Fuscellaro encountered Pezzetti-Funk in the hallway of the Criminal Justice Center. Pezzetti-Funk's sister, Stephanie Pezzetti-Funk, clenched her fist and said, "You better drop the charges." *Id.* at 9. Pezzetti-Funk then called Fuscellaro "a fat worthless c***," adding, "You better not show up to court" and "you better drop the charge." *Id.* at 9. Pezzetti-Funk's statements to Fuscellaro made her feel "intimidated" and "scared." *Id.* at 7-10. Sometime later, Fuscellaro reported the June 25th and June 27th encounters with Pezzetti-Funk to the police, and Pezzetti-Funk was subsequently charged with witness intimidation.

On August 15, 2016, the trial court dismissed the charges of witness intimidation for both Pezzetti-Funk and her sister based on a lack of evidence. On October 5, 2016, the trial court denied the refiling of charges. On November 7, 2016, the Commonwealth filed a timely notice of appeal. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925. On appeal, the Commonwealth raises the following issue: "Did the lower court err in denying the refiling of charges against defendant on the basis of

insufficient evidence for a prima facie case, where the Commonwealth established that defendant threatened the victim in an effort to prevent the victim from testifying against her?"  Brief of Appellant, at 4.

The purpose of a preliminary hearing is to determine whether the Commonwealth has made out a prima facie case for the offenses charged. ***Commonwealth v. Jackson***, 894 A.2d 1254, 1257 (Pa. Super. 2004) (citation omitted).  "A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime."  ***Commonwealth v. Black***, 108 A.3d 70, 77 (Pa. Super. 2015) (citation omitted).  Proof beyond a reasonable doubt is not required.  ***Id.***

> We have held that in determining the presence or absence of a prima facie case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such.  Further, since a trial court must view the evidence in the light most favorable to the Commonwealth when ruling upon a petition for writ of *habeas corpus*, it is inappropriate for the trial court to make credibility determinations in deciding whether the Commonwealth established a prima facie case.

***Id.***

"It is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's prima facie case for a charged crime is a question of law as to which an appellate court's review is plenary."  ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005) (citations omitted).  "[T]he trial court is afforded no discretion in ascertaining whether, as a matter of law and in

light of the facts presented to it, the Commonwealth has carried its pre-trial prima facie burden to make out the elements of a charged crime." *Id.* at 513. Therefore, we are not bound by the legal determinations of the trial court. ***Commonwealth v. Dantzler***, 135 A.3d 1109, 1112 (Pa. Super. 2016).

Instantly, the trial court denied the Commonwealth's motion to refile the previously dismissed charges because it was determined that there was insufficient evidence to sustain a charge of witness intimidation. Trial Court Opinion, 12/23/16, at 2. The Commonwealth argues that it established Pezzetti-Funk threatened the victim in an effort to prevent her from testifying, and thus, the evidence was sufficient to demonstrate a prima facie case for witness intimidation. We agree.

18 Pa.C.S.A. § 4952, the offense of intimidation of witness, provides as follows:

**§4952. Intimidation of witnesses or victims**

(a) Offense defined.-- A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

(4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

18. Pa.C.S.A. § 4952. Actual intimidation of a witness is not an essential element of the crime of intimidating a witness; the crime is committed if one, with the necessary mens rea, attempts to intimidate a witness or victim. *Commonwealth v. Collington*, 615 A.2d 769, 770 (Pa. Super. 1992). Further, the Commonwealth is not required to prove mens rea by direct evidence; the Commonwealth may rely on circumstantial evidence. *Id.*

The Commonwealth presented evicence at the preliminary hearing that Pezzetti-Funk, acting in concert with her sister, threatened Fuscellaro to prevent her from testifying. Stephanie Pezzetti-Funk held up a clenched fist, called Fuscellaro a derogatory term, and said, "You better not show up to court" and "you better drop the charge." N.T. Preliminary Hearing, 8/15/16, at 9. Fuscellaro stated that Pezzetti-Funk and her sister made her feel

- 5 -

"intimidated" and "scared."[3] *Id.* at 10. The evidence presented by the Commonwealth was all that was necessary to establish a prima facie case. *See Karetny*, *supra* (prima facie case exists when Commonwealth produces evidence of each of material elements of crime charged and establishes probable cause to warrant belief that accused committed offense). *See Commonwealth v. Hilliard*, 172 A.3d 5 (Pa. Super. 2017) (at preliminary hearing, evidence of each of material elements of crime charged must be considered in light most favorable to Commonwealth so that inferences that would support guilty verdict are given effect).

In order to establish a prima facie case, "the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury." *Karetny*, 880 A.2d at 514.[4]

_____

[3] As we noted, the Commonwealth is not required to prove that a witness was actually intimidated. *Collington*, *supra*. However, the trial court, in dismissing the instant charges, placed special emphasis on Fuscellaro's reaction to Pazzetti-Funk's threats. N.T. Preliminary Hearing, 8/15/16, at 19 ("If she was really scared . . . All [Fuscellaro] had to do was step into the courtroom. . . . All [Fuscellaro] had to do was put her head in the courtroom and say I was just threatened."). Fuscellaro's reaction to Pezzetti-Funk's threats, particularly at the preliminary hearing stage, is immaterial to show a prima facie case of witness intimidation.

[4] It is immaterial for our purposes that Fuscellaro is romantically involved with the father of Pazzetti-Funk's minor child and that Pazzetti-Funk made threats directed at Fuscellaro in the Criminal Justice Center hallway. *See* N.T. Preliminary Hearing, 8/15/16, at 17 (THE COURT: "The court recognizes this for what it is. *You call that baby mama drama*. . . . The court does not see it as a felony. . . . I can read between the lines. I can see exactly what happens here. The underlining of this is relationships.") (emphasis added). Such variables do not necessarily refute the Commonwealth's contention that

In light of this standard, we conclude that the lower court erred in denying the Commonwealth's motion to refile the charges against Pezzetti-Funk, where Fuscellaro felt both intimidated and scared as a result of Pezzetti-Funk's actions and comments. Accordingly, we vacate the lower court's order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.
Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18

---

Pazzetti-Funk's threats were accompanied by the necessary mens rea to sustain a conviction. **Karenty**, **supra**.