**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUNIOR GORDON | : | |
| | : | |
| Appellant | : | No. 3127 EDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012558-2015

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 13, 2024**

Appellant Junior Gordon appeals the order of the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

Appellant was charged with retaliation against a witness or victim, intimidation of witness or victim, and terroristic threats.  On June 15, 2017, Appellant waived his right to a jury trial and proceeded to a bench trial.  The prosecution presented the testimony of Ms. Anna Huff, who indicated that on September 26, 2015, she witnessed an altercation between her neighbors, in which a male hit a female multiple times and was choking her in the street. Notes of Testimony (N.T.), 6/15/17, at 11-16.  Ms. Huff noticed Appellant filming the attack with his camera phone, but not intervening.  N.T. at 12-13.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

As the female was unable to stop the fight and was screaming for someone to call 9-1-1, Ms. Huff called the police to respond to the attack and reported what had happened when officers arrived on the scene. N.T. at 15. Appellant cursed at her, screamed at her to "mind your business," and called her a "bitch, rat, [and] snitch." N.T. at 16-17. After Appellant and Ms. Huff engaged in an argument, Appellant also told Ms. Huff several times that he would see her later and "would see her in the street," which Ms. Huff deemed to be threats. N.T. at 17-18.

Ms. Huff testified that she gave a statement to the police as she was afraid that she needed to "cover" herself "[i]n case there was repercussions [for] calling the police." N.T. at 19. Ms. Huff indicated that she moved from the neighborhood where the attack occurred with the assistance of the Pennsylvania state victim assistance board. N.T. at 21-22.

At the conclusion of the trial, the trial court convicted Appellant of all charges. On September 14, 2017, the trial court sentenced Appellant to an aggregate sentence of nine and a half (9½) to nineteen (19) years' imprisonment.

On June 4, 2021, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on November 11, 2021. Thereafter, on October 31, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 1, 2022, the PCRA court dismissed the petition.

Appellant filed a timely notice of appeal and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

A. Did the PCRA court err in dismissing the PCRA petition as untimely and without merit, where trial counsel was *per se* ineffective for failing to file a motion for reconsideration of sentence, as the appellant asserts he believed trial counsel would file such a motion as the sentence was excessive (statutory maximum on each charge and consecutive to one another), did not consider appellant's need for rehabilitation and his remorse, and was much more than necessary to protect the public and vindicate the complainant. Trial counsel was likewise *per se* ineffective for failing to file a direct appeal, as appellant had a meritorious sentencing issue?

B. As to claim "A" above, appellant filed a facially untimely PCRA petition that does not directly satisfy one of the time-bar exceptions to the PCRA, as appellant was unaware of the time limitations in which to file a PCRA [petition]. However, as the purpose of Pa.R.Crim.P. 704(c)(3) is to ensure fair sentencing procedures, appellant asserts that due process requires that in addition to being advised of the right to file a post-sentence motion and direct appeal, he should also be advised at sentencing of the PCRA's one year time constraint, and that in the interest of justice and pursuant to the notions of fair play, his petition should be deemed timely filed, *nunc pro tunc*?

C. Did the PCRA court err in dismissing the PCRA petition as without merit, as the after-discovered evidence obtained of the complaining witness's recantation of her trial testimony, warrants a new trial, as she would testify that appellant's statement were not true threats and did not threaten, intimidate, or scare her, and would therefore go toward rendering insufficient the intent element for the crimes of witness retaliation, intimidation, and terroristic threats?

Appellant's Brief, at 8 (reordered for ease of review).

As a preliminary matter, we acknowledge that we cannot review the instant PCRA petition if it does not meet the PCRA timeliness requirements. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant's judgment of sentence became final on October 14, 2017 as Appellant did not file a direct appeal from the judgment of sentence entered on September 14, 2017. As Appellant filed the instant petition in June 2021,

nearly three years after his judgment of sentence became final, this petition is facially untimely and must invoke a timeliness exception to justify review.

Appellant concedes that his petition is untimely, but asserts this Court should grant review for three reasons. First, Appellant asserts that trial counsel was *per se* ineffective in failing to file a post-sentence motion or a notice of appeal to challenge the excessiveness of Appellant's sentence. However, as this claim does not invoke any of the PCRA timeliness exceptions, Appellant is not entitled to review of this claim. "It is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." ***Commonwealth v. Tedford***, 228 A.3d 891, 905 (Pa. 2020) (quoting ***Commonwealth v. Robinson***, 139 A.3d 178 (Pa. 2016)).

Second, Appellant claims that this Court should review his untimely petition *nunc pro tunc* as he was unaware of the PCRA timeliness requirements. Appellant claims that his due process rights were violated as he was never informed of the time restrictions in which to file a petition for collateral relief.

Appellant never raised this claim before the PCRA court, but instead, presents this argument for this first time on appeal. Issues not raised before the PCRA court are waived on appeal. Pa.R.A.P. 302; ***Commonwealth v. Edmiston***, 851 A.2d 883, 889 (Pa. 2004). As such, we decline to review this issue further.

Lastly, Appellant contends that he is entitled to a new trial based on after-discovered evidence as Appellant alleges that prosecution witness Ms. Huff recanted her trial testimony. Appellant attached to his PCRA petition an unsigned witness certification allegedly prepared by Ms. Huff, indicating that she "did not really feel personally threatened, scared, or intimidated by any of the things that [Appellant] yelled at [her] on the street." Amended PCRA petition, Exhibit B, at 1.

Appellant argues that Ms. Huff's alleged recantation constitutes newly discovered evidence that would allow this Court to review his claim under the timeliness exception in 42 Pa.C.S.A. § 9545(b)(1)(ii). In order "[t]o qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). If the petitioner can establish both prongs, then the PCRA court may exercise jurisdiction over the matter. *Commonwealth v. Fears*, 250 A.3d 1180, 1199 (Pa. 2021).

It is important to distinguish the newly-discovered fact PCRA timeliness exception as set forth in Subsection 9545(b)(1)(ii) and a claim for relief based on after-discovered evidence pursuant to 42 Pa.C.S.A. § 9542(a)(2). Once the PCRA court's jurisdiction has been properly invoked by a petition that was timely filed or satisfies one of the PCRA timeliness exceptions, a petitioner raising a claim of after-discovered evidence must prove that "(1) the

exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Burton**, 158 A.3d at 629 (quoting **Commonwealth v. D'Amato**, 856 A.2d 806, 823 (Pa. 2004)).

Even assuming that these particular allegations met the newly discovered evidence exception to the PCRA timeliness requirement, Appellant has not adequately pled how these allegations constitute after-discovered evidence that entitles him to a new trial.

As noted above, the trial court convicted Appellant of retaliation against a witness, intimidation of witness or victim, and terroristic threats. Appellant admits that he called Ms. Huff a "rat, snitch, [and] bitch" for summoning the police to respond to the violent attack occurring in the street and concedes that he told Ms. Huff he would see her later on the street. While Ms. Huff testified at trial that she perceived Appellant's statements to be threats of repercussions for her decision to call the police, Appellant submitted a witness certification indicating that Ms. Huff would now testify that she actually had not felt threatened by Appellant's statements, which were just "street talk" and amounted to nothing more than a "squabble."

Appellant limits his argument on appeal to claim that Ms. Huff's averments that she did not feel threatened by Appellant's statements constitutes:

material evidence that goes toward refuting whether Appellant's conduct proved his intent to threaten, intimidate, or retaliate. It goes toward showing the unremarkable nature of the evidence and how they were not criminal, although crass, rude, and somewhat aggressive. Although not essential for granting of a new trial, it also goes to the fact that Ms. Huff's own accurate recollection of events and credibility is in extreme doubt.

Appellant's Brief, at 30-31.

While Appellant asserts that Ms. Huff's allegations cast doubt on the prosecution's ability to prove the requisite *mens rea* for each crime, we agree with the PCRA court that Appellant's intent to intimidate, threaten, and retaliate against Ms. Huff was shown by his characterization of Ms. Huff as a "rat" and a "snitch" after she contacted police and his specific threats that he would see Ms. Huff later in the street.

Appellant only remaining argument on appeal is his claim that Ms. Huff's credibility is compromised by her alleged revelation that she was not threatened by Appellant's comments. Appellant fails to make any attempt to explain how Ms. Huff's testimony would not be used solely to impeach her credibility and does not develop any further analysis on how such testimony would likely compel a different verdict.[2] *See* ***Burton***, ***supra***; ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa.Super. 2014) (when

_____

[2] Appellant acknowledges that the PCRA court found that Ms. Huff's "actual intimidation of fear is irrelevant for purposes of meeting the elements of witness intimidation." PCRA court opinion, at 6 (quoting ***Commonwealth v. Collington***, 615 A.2d 769 (Pa.Super. 1992)). Appellant does not make any other claims that his new allegations that Ms. Huff was not intimidated or threatened by his comments were relevant to the elements for his three convictions for retaliation, intimidation, or terroristic threats.

the appellant fails to cite to legal authority and does not develop any meaningful analysis in support of a claim, we may find an issue waived for lack of development).

Accordingly, we conclude that the trial court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2024