J-S07026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYQUAIL DUFFY | : | |
| | : | |
| Appellant | : | No. 1230 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008019-2015

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                              Filed: April 16, 2020

Appellant, Tyquail Duffy, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for intimidation of a witness and terroristic threats.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On April 23, 2015, Appellant was involved in the robbery and fatal shooting of a take-out delivery driver ("Victim 1").  After the shooting, Appellant threatened Edna Myers ("Victim 2") at gunpoint.  At the time, Appellant was 15 years old. The Commonwealth charged Appellant as an adult at two separate docket

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4952(a)(1) and 2706(a)(1), respectively.

numbers. At Docket No. 12068-2015, the Commonwealth charged Appellant with second-degree murder, robbery, conspiracy to commit robbery, firearms offenses, and related offenses concerning Victim 1. The Commonwealth charged Appellant at Docket No. 8019-2015 with intimidation of a witness, terroristic threats, simple assault, and firearms offenses relating to Appellant's threatening Victim 2.

On May 9, 2017, Appellant proceeded to a consolidated jury trial. The Commonwealth presented testimony from, *inter alia*, Sahmir Walker and Victim 2. Mr. Walker said he was home on the night of April 23, 2015, and was fourteen years old at the time. Victim 2, Mr. Walker's aunt, was staying at Mr. Walker's home supervising him overnight while his mother was out of town. Mr. Walker explained Victim 2 had ordered Chinese food to be delivered that evening. Appellant, a friend of Mr. Walker's, subsequently arrived at Mr. Walker's home. When Mr. Walker told Appellant that Chinese food was being delivered to the house, Appellant showed Mr. Walker the handle of a gun from inside his pocket and said, "We're going to rob the delivery guy." Mr. Walker testified he and Appellant followed Victim 1 to his car after Victim 1 had delivered the food. Mr. Walker then heard gunshots and something falling to the ground, prompting him to run back into his house. Mr. Walker explained Appellant followed him inside his home. Once inside, Appellant put the gun to Victim 2's head and said, "Be quiet or else." (N.T. Trial, 5/9/17, at 85-189).

- 2 -

Victim 2 testified she is Mr. Walker's aunt. She explained she was at Mr. Walker's home on the evening of April 23, 2015, to take care of him while his mother was away. That night, Victim 2 ordered Chinese food for herself and Mr. Walker. When the food was delivered, Appellant was inside the house with Mr. Walker. After Victim 2 met Victim 1 at the door and paid him for the food, she saw Appellant and Mr. Walker walk out the door. Subsequently, Appellant and Mr. Walker returned to the house. Appellant then pointed a gun to Victim 2's head, and said, "If you say anything, you're going to be next." (N.T. Trial, 5/10/17, at 42-90).

On May 12, 2017, the jury convicted Appellant of one count each of intimidation of a witness and terroristic threats at Docket No. 8019-2015.[2] With the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant on August 7, 2017, at Docket No. 8019-2015, to five (5) to ten (10) years' incarceration for intimidation of a witness and a concurrent term of two and one-half (2½) to five (5) years' incarceration for terroristic threats. In the aggregate, the court sentenced Appellant to five (5) to ten (10) years' incarceration at Docket No. 8019-2015.[3] Appellant filed no post-sentence motions. Appellant timely appealed from the judgment of sentence;

---

[2] At Docket No. 12068-2015, the jury convicted Appellant of robbery, conspiracy to commit robbery, and carrying a firearm in public in Philadelphia.

[3] The court sentenced Appellant at Docket No. 12068-2015 to an aggregate term of twelve and one-half (12½) to twenty-five (25) years' incarceration, to run consecutive to Appellant's sentence at Docket No. 8019-2015.

this Court initially dismissed the appeal, for failure to file a docketing statement.

On February 1, 2019, Appellant timely filed at both docket numbers a counseled first petition under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his direct appeal rights *nunc pro tunc*. Appellant **did not** request the court also restore his post-sentence motions rights *nunc pro tunc*. The PCRA court reinstated **only** Appellant's direct appeal rights *nunc pro tunc* on March 25, 2019. On April 16, 2019, Appellant filed separate timely notices of appeal *nunc pro tunc* at both dockets; this appeal involves only Docket No. 8019-2015. The court ordered Appellant on April 23, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On May 9, 2019, counsel filed a statement of intent to file a petition to withdraw and **Anders**[4] brief, per Pa.R.A.P. 1925(c)(4).

As a preliminary matter, counsel seeks to withdraw representation under **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the

---

[4] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed

- 5 -

counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed on appeal *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the history of this case. Counsel's argument refers to relevant law that might possibly support Appellant's issues. Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly-retained private counsel. Counsel raises the following issue on Appellant's behalf:

WHETHER [APPELLANT] COULD RAISE ANY ISSUES OF ARGUABLE MERIT[?]

(**Anders** Brief at 6).

In the **Anders** brief, Appellant raises challenges to the: (i) discretionary aspects of sentencing; (ii) legality of the sentence; (iii) weight of the evidence; and (iv) sufficiency of the evidence. Appellant's claims merit no relief.

Preliminarily, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Additionally, where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his

- 7 -

post-sentence rights *nunc pro tunc* as well. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. ***Id.*** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). ***See also Commonwealth v. Rivera***, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (stating PCRA court properly restored appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise required preservation in trial court).

Instantly, Appellant did not raise a discretionary aspects challenge at the time of sentencing and filed no post-sentence motions. ***See Mann, supra***. Further, in his PCRA petition, Appellant did not assert he wished to raise on appeal an issue requiring preservation in the trial court or request reinstatement of his post-sentencing rights. ***See Liston, supra***. Therefore, any discretionary aspects claim is waived. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa.Super. 2016) (determining defendant waived discretionary aspects of sentencing claim by not preserving issue at sentencing or in post-sentence motion; waived issue is frivolous in context of ***Anders*** brief).

Moreover, even if Appellant had preserved a discretionary aspects challenge, it would not merit relief. Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)). "Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988).

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* at 102, 546 A.2d at 18. *See also Commonwealth v. Tirado*, 870 A.2d

362 (Pa.Super. 2005) (explaining if sentencing court has benefit of PSI, then law presumes court was aware of relevant information regarding appellant's character and mitigating factors).

Here, the sentencing court had the benefit of a PSI report. (N.T. Sentencing, 8/7/17, at 5, 49). Thus, we can presume the court considered the relevant information and mitigating factors. **See Devers, supra**; **Tirado, supra**. Further, the court explained its sentencing decision as follows:

> [Appellant], this is a particularly difficult case for me. On the one hand we have a robbery victim, a married man who was killed in the course of his employment leaving behind a grieving family, including a wife. On the other hand, we have you, now 18 years old, who was at the time of this incident a juvenile.
>
> Further, although you were convicted of robbery and the related offenses, you were acquitted of the homicide charge.
>
> I must make it clear on the record that I am not sentencing you for the homicide. However, the law is equally clear; that is, this [c]ourt must consider the circumstances of the evidence.
>
> We have individualized sentencing in this Commonwealth, so this [c]ourt must take into consideration before a sentence is imposed all the factors relevant to the case, including your history, your character, your need for rehabilitation before a sentence is imposed.
>
> I have considered the guideline computations, which are a matter of record, the mental health evaluation performed, as well as the presentence investigation.
>
> I sat as the presiding judge in this case, so I am very well aware of the circumstances. As a result of the reports generated pursuant to my order, I know enough about you to impose an appropriate sentence.

I would be remiss if I did not say that I take into consideration all that which has been presented here today, including the statements from your family, the people from the nonprofit organization that mentored you, your grandfather and your mother, and I also considered the victim impact statement aforementioned presented by the Commonwealth's attorney.

I have also considered the factors articulated by our legislature and the appellate courts.

On the one hand, the Commonwealth is requesting a sentence of 35 to 70 years in prison. Your attorney believes half of that is more than sufficient to address this crime given the circumstances surrounding it.

I want the two sides to appreciate that I know the guidelines are simply advisory, but if you just took the guidelines, the minimum, not the spread, not the middle range, not the aggravated range, if you just took the minimum, you'd have a sentence of 16 to 32 years of incarceration.

(N.T. Sentencing, 8/7/17, at 48-50). The record confirms the court properly weighed Appellant's circumstances and the severity of the offenses. Based upon the foregoing, Appellant is not entitled to relief on a challenge to the discretionary aspects of sentencing. *See Hyland, supra*.

Issues related to the legality of a sentence are questions of law. *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). Our "standard of review is *de novo* and our scope of review is plenary." *Id.* "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa.Super. 2013).

Section 1103 of the Pennsylvania Crimes Code provides, in relevant part, as follows:

> Except as provided in 42 Pa.C.S.[A.] § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> (1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1103(1). Section 1104 provides, in pertinent part:

> A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:
>
> (1) Five years in the case of a misdemeanor of the first degree.

18 Pa.C.S.A. 1104(1).

Instantly, the trial court sentenced Appellant to 5 to 10 years' incarceration for the intimidation of a witness conviction, a first-degree felony, along with a concurrent term of 2½ to 5 years' incarceration on the terroristic threats conviction, a first-degree misdemeanor. These sentences do not exceed the respective statutory maximums for a first-degree felony and a first-degree misdemeanor. *See* 18 Pa.C.S.A. § 1103(1), 1104(1). Thus, the sentencing court had statutory authority to impose Appellant's sentence, and Appellant's illegal sentencing claim merits no relief. *See Infante, supra*.

Generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607.  Challenges to the Weight of the Evidence**

(A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1)  orally, on the record, at any time before sentencing;

(2)  by written motion at any time before sentencing; or

(3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted).

Our standard of review for a challenge to the weight of the evidence is as follows:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  An appellate court cannot substitute its judgment for that of the finder of fact.  Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.  Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence.  Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

- 13 -

(internal citations omitted).

Instantly, Appellant failed to raise an objection to the weight of the evidence in the trial court. **_See Gillard, supra_**; Pa.R.Crim.P. 607. Appellant also did not state in his PCRA petition he sought to raise on appeal a claim requiring preservation in the trial court or request reinstatement of his post-sentencing rights. **_See Liston, supra_**. Therefore, Appellant's weight claim is waived. **_See Commonwealth v. Sherwood_**, 603 Pa. 92, 110, 982 A.2d 483, 494 (2009) (holding where appellant fails to preserve weight of evidence challenge in trial court, weight claim is waived because appellate court has nothing to review); **_Champney, supra_**.

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free

to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Section 4952 of the Crimes Code defines intimidation of a witness, in relevant part, as follows:

**§ 4952.  Intimidation of witnesses or victims**

**(a)   Offense defined.**—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1)   Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa.C.S.A. § 4952(a)(1).   The Commonwealth may rely wholly on circumstantial evidence to prove the elements of intimidation of a witness.

*Commonwealth v. Collington*, 615 A.2d 769, 770 (Pa.Super. 1992), *appeal denied*, 533 Pa. 656, 625 A.2d 1191 (1993).  The fact finder, when looking at the content, timing and circumstances surrounding a communication, may infer that an actor intended to intimidate a witness through her conduct.  ***Id.*** "[T]he facts of each case and the history between the actor and the witness will determine whether such communications, without more, qualify as 'intimidation.'"  *Commonwealth v. Lynch*, 72 A.3d 706, 710 (Pa.Super. 2013) (*en banc*), *appeal denied*, 624 Pa. 681, 86 A.3d 232 (2014).

The crime of terroristic threats is defined as:

**§ 2706.  Terroristic threats**

**(a)      Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

> (1)   commit any crime of violence with intent to terrorize another[.]

18 Pa.C.S.A. § 2706(a)(1).  "Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense."  ***Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa.Super. 2003) (quoting ***In re J.H.***, 797 A.2d 260, 262 (Pa.Super. 2002)).  The statute seeks to prevent harm from the psychological distress that follows from an invasion of another's sense of personal security under the totality of the circumstances.  ***Reynolds, supra*** at 730.

When specific intent is an element of a crime, it must be the actor's conscious object to engage in conduct of that nature **or** to cause such result.  18 Pa.C.S.A. § 302(b)(1)(i).  "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances."  ***Reynolds, supra*** at 726.

Instantly, Appellant showed Mr. Walker a gun and said, "We're going to rob the delivery guy."  Appellant and Mr. Walker followed Victim 1 to his car after Victim 1 had delivered food to Mr. Walker's home and Victim 2 had paid for the food.  When Mr. Walker heard gunshots and something falling to the ground, he ran back inside his home.  Appellant followed.  There, Appellant held a gun to Victim 2's head and warned her not to discuss what had occurred

- 16 -

that evening.

The content, timing, and circumstances surrounding Appellant's encounter with Victim 2 show Appellant intended to intimidate Victim 2 through his conduct so Victim 2 would not report Appellant to the police regarding the events of that evening. *See* 18 Pa.C.S.A. § 4952(a)(1); *Lynch, supra*; *Collington, supra*. Further, by holding a gun to Victim 2's head and warning her not to talk about what had occurred that night, Appellant communicated a threat of committing a violent crime against Victim 2 with the intent to terrorize Victim 2. *See* 18 Pa.C.S.A. 2706(a)(1); *Reynolds, supra*. Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to convict Appellant of intimidation of a witness and terroristic threats. *See Jones, supra*. Following our independent review of the record, we conclude the appeal is wholly frivolous. *See Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/20

- 17 -